C. Frank Harrigan, Esq. Corporation Counsel, Syracuse
You have asked whether a member of the city's common council who also serves as an employee of the city school district would have a conflict of interests.
You have explained that the common council has proposed a local law amending the city charter with respect to the budget review powers of the council. The proposal would give the council the authority to strike out or to reduce line items and to add line items to the city budget which includes the city school district's budget. Your concern is whether the member of the common council, who is also an employee of the school district, would have a conflict of interests under the proposed local law in that the council member would have line item review over his own school district salary as well as the salaries of his supervisors and subordinates. If there is a conflict of interests, you inquire whether it would be necessary for this individual to give up one of his two positions or whether the conflict can be avoided through other means.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryan case is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interests created by the simultaneous holding of the two positions. In such a situation the conflict is avoided by declining to participate in the disposition of the matter. If such situations are inevitable as opposed to being possibilities, there is an inherent inconsistency in the positions.
In our view, these two positions would be incompatible. The common council is required annually to determine the proper funding level for the city school district taking into consideration the allocation of available funds for all city purposes. The addition of authority to reduce, strike out or add line items would give the common council extensive control over the specifics of the school district budget. These are governmental decisions requiring consideration of the interests and needs of all departments of city government and the city school district. As an employee of the city school district, we believe that the common council member would have divided loyalties that might affect his impartiality and, in any event, creates in the eyes of the public an appearance of impropriety. There are subtle but powerful psychological pressures that are placed on an employee who undeniably realizes the importance of the budget request by his employer (see Matter of Zagoreosv Conklin, 109 A.D.2d 281, 287 [2d Dept, 1985]). The line item review by the common council of school district salaries, which would include the councilman's salary and those of his friends, subordinates and supervisors, would create a conflict. It seems clear that the member of the common council cannot impartially review these matters in the face of friendships and bureaucratic pressures.
In previous opinions, we have found that divided loyalties resulting from the holding of positions in more than one municipality can result in incompatibility (1980 Op Atty Gen [Inf] 158]). The budgetary process involves considerable time and is of great importance leading us to believe that recusal is not an effective remedy (ibid.).
We conclude that a member of a city common council, with extensive review powers over the school district budget, may not also serve as an employee of the city school district.